**SIEGLE, Plaintiff-Appellee, v. LEE, et, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4093. Decided October 13, 1948.

Carlisle O. Dollings, Columbus, for plaintiff-appellee.

Milton L. Farber, Samuel L. Zuravsky, Columbus, for defendant-appellant.

## OPINION

By HORNBECK, J.

The appeal is from a money judgment of the Municipal Court in favor of plaintiff and against the defendant in the sum of $375.00 and costs.

The cause was tried to a Judge without a jury and in response to a request the Court made separate findings of fact and law. Findings of fact consist of sixteen paragraphs and findings of law of eight. The appellant sets up and urges five assignments of error in his brief:

(1) That the Court below permitted improper testimony to be offered by plaintiff over defendant's objections.

(2) The judgment was against the manifest weight of the evidence.

(3) There was a complete failure of proof.

(4) That the judgment was contrary to law.

(5) That the Court awarded excessive damages.

We find the second and third grounds of error not supported. Upon the first ground an examination of the record discloses a wide latitude granted by the Court to both parties in developing their respective theories of the case. Technically, some of the testimony offered by the plaintiff might not be admissible, especially under the strict averments of the petition, but as the evidence was submitted to a Judge who made separate findings of law and fact, and as it was admissible generally on an issue we hereinafter discuss, we find no prejudicial error in the reception of any of the evidence to which the defendant interposed objection and exceptions.

It is assigned as error that the judgment is excessive. The finding and judgment include the $125.00 which the plaintiff paid to the defendant as tuition for the completed course and $250.00 damages for loss of time spent in class rooms taking the course.

There is no special plea for damages for loss of wages or time but there is a general prayer for $500.00 damages. Defendant during the trial objected to the introduction of any testimony as to the damages for loss of time. The record is meager on the question presented. The only specific testimony on the subject is found at pages 107 and 108 of the bill of exceptions:

"Q. 855. That can't be considered as a measure of damages, here, Mrs. Siegle. I am asking you what loss of earnings in dollars and cents you have lost from January 23rd to April 2nd by reason of not having a job during that period—have you lost money?

A. Do I have to answer that?

BY MR. DOLLINGS: Q. 856. Yes.

A. Why, I'm asking $500.00 damages.

BY MR. FARBER: Q. 857. Five Hundred Dollars damages for money that you would have made from January 23rd to April 2nd?

A. For the loss of my schooling.

Q. 858. I am talking about money damages from the period of January 23rd up to April 2nd; how much cash earnings did you lose in that period?

A I have never sat down and figured it up.

Q. 859. Well, did you lose any?

A. Well, I didn't do my housework and things—that was all neglected.

Q. 860. Well, how much is housework worth?

A. It's worth a lot if you have to pay at the rate of $5.00 a day.

MR. FARBER: I wish to point out to the Court that since these damages were not pled, we have no way of knowing how she measured the damages.

THE COURT: Well, the evidence shows she is a housewife, and that she transferred her time and efforts from that to this schooling."

It is not necessary for us to hold that it was imperative that the plaintiff plead her loss of time by way of special damages. General damages are such as naturally and reasonably flow from a breach of the contract. Manifestly, breach of the contract here resulted in the plaintiff losing the time which she had expended in taking the course, the result of which was without benefit to her. But the serious question is whether she has proven any money damage by reason of the fact that she lost many hours of time. The record does not disclose whether or not plaintiff was living with her husband, although it must be implied that she was maintaining a household. The record does not disclose that the plaintiff paid any one for doing the work in her home which she was prevented from performing. It does not disclose that she was paying for this service, nor that she would have been employed gainfully had she not taken the course in the beauty school. It is our judgment that there is a failure of proof upon which the Court could predicate an award of damages to the plaintiff for loss of time.

Appellant cites 13 O. Jur. 261, to the effect that it was necessary that plaintiff specially aver the damages claimed by her for loss of time. The citation carries no cases to support the text and the law on the subject is not well defined in Ohio.

Much discussion is had in the brief of appellant as to the inadequacy of the averments to support much of the testimony taken. There is considerable basis for this contention, especially as to the evidence relating to the failure to observe the rules and regulations of the State Board of Cosmetology which breach is not averred. However, there is an allegation of the terms of the contract under which in consideration of $125.00 the plaintiff was to receive a one thousand hour course in Marinello Beauty Culture from the defendant at the Marinello Beauty School, 247½ S. High Street, Columbus, Ohio, and an express averment that the contract was breached in that the defendant failed to conform to the terms thereof,

closed the school and refused to complete the course. This, under the finding of fact No. 7 and other findings of fact, clearly supported the verdict in the amount of the tuition, namely, $125.00.

The testimony relating to the failure of the defendant to give the course prescribed in the Marinello System of Beauty Culture, the failure to observe the rules of the State Board of Cosmetology and the failure and refusal to certify the correct records of the work at the school to the State Board, all were germane on the general issue whether or not so much of the course as plaintiff received was of any value to her as it would reflect upon her right to recover the full $125.00 tuition which she had paid.

The judgment for plaintiff for $125.00 and costs will be affirmed if she enters a remittitur of all of the judgment over and above that sum; otherwise, the motion for new trial will be granted.

WISEMAN, PJ, and MILLER, J, concur.